24-2212 Eastern Arkansas United States v. Verlynin Buckley 24-2212 Eastern Arkansas United States v. Verlynin Buckley 24-2122 States v. Verlynin Buckley 45-2422 45-2422 Eastern Arkansas United States v. Verlynin Buckley 45-2422 Eastern Arkansas United States v. Verlynin 45-2422 Eastern Arkansas United States v. Verlynin And then narcotic is defined to include cocaine, its salts, optical and geometric isomers and salts of isomers, right? Well, it's not charged under narcotic, it's charged under cocaine. Possession of cocaine with the intent to deliver and possession of crack cocaine, narcotic is not a part of what he's charged with. Narcotic was introduced by the government in their brief. Narcotic is not a part of this. I guess I'm in my reserved time. Are there any more questions? No, you may reserve your balance of your time for rebuttal. Thank you, Your Honor. Thank you for your argument. Ms. Mazzanti, we'll hear from you. Good morning, Your Honors. May it please the Court? My name is Stephanie Mazzanti and I represent the United States. This Court should affirm the District Court's determination that Buckley's Arkansas cocaine convictions qualify as armed career criminal predicates because, one, the plain language of the statute of convictions specifies cocaine and not any other substance, and the only isomers of cocaine that are cocaine are its optical and geometric isomers. Additionally, the relevant Arkansas statutes and regulations do not define cocaine, which I think we agree upon, and the statute of conviction does not reference the Arkansas regulation with the broader term of isomers. Alternatively, an Arkansas statute defining narcotic drug limits the cocaine to its optical and geometric isomers, so there's a categorical match to the federal statute, and the regulation at issue in Arkansas cannot broaden the scope of the statute. Nullifying that statutory definition would run afoul of principles of statutory construction. If the Court does look to the Arkansas regulation, the narrower statutory provision creates an ambiguity, and then you apply the reasonable probability test. The plain language of the statute and the scientific evidence presented at the hearing demonstrate the statutes of conviction would only ever be applied to the optical and geometric isomers of cocaine. As other isomers of cocaine, like scopolamine... Let me ask you, the regulations that you refer to, those are the Arkansas drug schedules, right? Yes, Your Honor. Is there anything in the criminal statute, like in the federal statutes, they frequently refer to the federal drug schedules, Schedule I, Schedule II, etc. Is there anything in the Arkansas criminal code that adopts or refers to the Arkansas drug schedules? In the Arkansas statutes, there are separate provisions, like 564 or 426, that criminalize delivery of other Schedule I and II controlled substances. That statute, which is not the statute of conviction here, you would go to reference those Arkansas regulations, which define what Schedule I and II controlled substances are. If we were arguing about that statute, then we would be referencing the regulations to determine whether they were overbroad. Here, in July of 2011, Arkansas changed its drug trafficking statutes and specifically carved out cocaine and methamphetamine and put it in its own statutes. Statutes of Conviction 564, 420, and 422. Whenever they chose to put the words cocaine and methamphetamine in those statutes, they brought them out. They don't reference the Arkansas controlled substances regulations, and they specify this is cocaine and cocaine alone. As the testimony and the evidence demonstrated, the only isomers of cocaine that are cocaine are its optical and geometric isomers. That's why the plain language of the statute controls here, and it's different from any other statutes the court has considered previously. When they amended that, is that when they defined narcotic drug to be cocaine and then the rest being coterminous with the federal statute? The definition of narcotic drug was in place well before July of 2011. It's been in existence for many, many years. In that statute, what they're doing is they're defining narcotic drug and as a line item, as an example of a narcotic drug, they say cocaine and its optical and geometric isomers. They do limit it when you're considering a narcotic drug. But that one matches the federal one, right? It does, Your Honor. Why do you say that only optical and geometric isomers are cocaine? I think you said earlier the only isomers that are cocaine are the geometric and optical isomers. Were you referring to some expert testimony on that? Yes, Your Honor. We submitted the transcript from United States v. Lee, during which the Arkansas chief forensic chemist testified to that fact, as well as the affidavits that were submitted, the affidavit that was submitted on that point. What's the explanation for why those two isomers are cocaine and a positional isomer is not cocaine? Well, Your Honor, if you run a substance through the mass spectrometer at the Arkansas State Crime Lab, the only substances that are going to pop as cocaine on the results are going to be the optical and geometric isomers. There are thousands of constitutional or structural isomers. Positional isomers are a subset of constitutional and structural isomers. If you have a constitutional or structural isomer, there are thousands of possibilities, many of which are not even controlled, like scopolamine. Scopolamine is a motion sickness drug that you have to have a prescription for, but it's not even controlled. If you're to look at and try to read in constitutional or structural isomers into the word cocaine, which you shouldn't do and you can't do under the plain language, but even if you did that, then you would essentially be expanding the statute beyond any level of reasonableness. And so there is no reasonable probability that Arkansas courts would ever apply this statute to a constitutional or structural isomer of cocaine. And how did this regulation get into the case? I thought Mr. Neely said the government offered it, as though you thought it was helpful. But now you're saying it's not helpful. So what's the procedural history on that? It's part of the alternative argument, Your Honor. Which alternative argument? A couple of them, Your Honor. So if you're looking at the various ways in which you consider the term cocaine, if you want to incorporate the controlled substance regulations, then at that point you would have to look at the regulation and compare it to the definition of narcotic drug. And under the regulation, you see that cocaine falls underneath the term narcotic drug. And so that's what brings us back to the statutory definition of narcotic drug. I'm trying to understand why the government thought the regulation was relevant. Because in the regulation, it puts cocaine underneath the term narcotic drug, which makes the statutory definition come into play. The statutory definition of narcotic drug, which limits it to the optical and geometric isomers. But again, you don't need to get there. That's part of the alternative argument on reasonable probability. You don't need to get there because the plain language of this statute says cocaine specifically. And so you're limited to the word cocaine. You're not going into the controlled substance regulations. It's not necessary in considering the statute. If you do somehow include consideration of a schedule in the case, I don't understand why this isomer business is part of the definition of cocaine. It seems to me it's just a list of prohibited subjects. You've got cocaine, X, Y, and Z. I agree, Your Honor. So it's just cocaine. That's the charge. I agree, Your Honor. So, I mean, that's the end of the case essentially, isn't it? It should be, yes, Your Honor. That should be the end of the story. If that's true, I mean, if my argument is true. Yes, Your Honor. I agree with you. Well, why did you say then that optical and geometric isomers are cocaine? You said they are cocaine as opposed to something separate from cocaine. The only isomers of cocaine that are cocaine are its optical and geometric isomers. No, I'm quoting you as saying that. But I thought Judge Arnold's point was that the regulation lists cocaine and then it lists isomers as though they're separate things. But you're saying, no, the isomers are cocaine. So I'm a little confused on that, I thought. In existence, there are other isomers of cocaine other than its optical geometric isomers. And that's the point. The regulation says isomers. It does not have a qualification there. If you look to the regulation. But the point that I was agreeing with Judge Arnold on is that within the regulation, I agree that what is set out as coca leaves, etc., is not a definition of cocaine. The word cocaine in and of itself is a term of art and a term of science. And so the court doesn't need to go that far again because the plain language of the statute controls. And that's why the cases that Mr. Buckley relies on are distinguishable because those cases concern the construction of other state statutes. Myers and Owen, is that what you're talking about? Myers case and the Owen case? Oliver, Myers, Hurd, Owen, Perez, all of them concern non-Arkansas statutes. And as the court is aware, this court has to construe the Arkansas statute. And many of those statutes have other issues. For example, you have Missouri case law saying all isomers of cocaine are prescribed. We don't have that here. And so all of those cases are distinguishable. Your Honor, we respectfully request that the court affirm the district court's determination in this case and rule that the Arkansas statutes of conviction qualify under the Armed Career Criminal Act as to Mr. Buckley. Thank you. Very well. Thank you for your argument. Mr. Neely, we'll hear rebuttal. Your Honor, I do agree, but these are not predicate offenses and they do not satisfy the serious drug offense portion of the ACCA. And I have that actual affidavit here. And when counsel says narcotic is included in it, narcotic is not included in it. When counsel says there's no definition of cocaine, it says on number six, cocaine is also a controlled substance. It's defined as coca leaves, any salts, compounds, derivatives, or preparation of coca leaves. And then it goes on to say, and there's salts, isomers, derivatives, salts of isomers, derivatives, but it does not have any limiting factors on it. And it goes on to say in their own exhibit number seven that isomers are defined as optical, positional, and geometric. So if we talk about cocaine, isomers, I don't know how the government can say that positional is not a part of that when in their own exhibit it states that positional is a part of it. You know, we talk about those cases that you read. In that case law, the only thing that we're asking is the Eighth Circuit has made decisions based on this type of thing before. And she said to herself that it should be based on the Arkansas statute. Therein lies the issue. There is no Arkansas statute. So if there's no Arkansas statute, there's no language. If there's no language, then it has to be unambiguous and overbroad. And so she can't get to the test to test it to see if there is outside criminalization because obviously there will be because there's no limiting language. The cases that we're talking about are U.S. v. Myers, Missouri agreed. U.S. v. Owens, Minnesota. U.S. v. Perez, Iowa. U.S. v. Oliver, Illinois. And U.S. v. Vinoy, I don't know, I forgot what state that was. And then U.S. v. Heard, that's going to be Missouri, I believe. But all I'm saying is all we're asking is that this court treat this case like they've treated, the Eighth Circuit has treated the cases in other states dealing with these same issues and ruled that these are not predicate offenses because there is no state statute. State statute is definitely unambiguous and therefore it cannot be a predicate offense to satisfy the serious drug portion of the ACCA. And we ask that we send this back down and remand it for re-sentencing, Your Honor. That's my time. Any questions? Very well. Thank you for your argument. Thank you, Your Honor. Thank you to both counsel. The case is submitted. Thank you so very much. The court will file a decision in due course.